IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-29,451-03






EX PARTE PHILLIP WAYNE MORRIS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005-410,322-B IN THE 137TH DISTRICT COURT


FROM LUBBOCK COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault, family violence, repeat
offense, and sentenced to eight years' imprisonment after an enhancement allegation was found to be true.

 Applicant contends that he is entitled to an out-of-time appeal because his trial counsel gave oral
notice of appeal and requested that new counsel be appointed for appeal, but failed to file a written notice
of appeal, and no new counsel was appointed. The trial court has determined that these allegations are
true, but trial counsel has not submitted an affidavit explaining why he neither filed a written notice of appeal
nor formally withdrew.

 Applicant has alleged facts that, if true, might entitle to relief. Strickland v. Washington, 466 U.S.
608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings of
fact. The trial court shall provide Applicant's trial counsel with an opportunity to respond to Applicant's
claim that counsel failed to give written notice of appeal. 

 The trial court shall make additional findings of fact as to why Applicant's counsel failed to file a
written notice of appeal or present a written motion to withdraw as Applicant's counsel in this cause. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: November 7, 2007

Do not publish